UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 20-01742-AB (SPx) | Date: | October 22, 2020 |
|---|---|---|---|

| Title: | *The People of the State of California et al v. Juarez* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR.**, United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order GRANTING Petitioners' Motion to Remand and DENYING Petitioners' Request for Costs and Attorney's Fees**

Before the Court is Petitioners', the People of the State of California and City of San Bernardino ("Petitioners"), Motion to Remand and for Costs and Attorney's Fees ("Motion," Dkt. No. 7). Respondents Benny G. Juarez, et al. ("Respondents") have not filed an opposition to this Motion. Finding this matter appropriate for resolution without oral argument, the Court hereby **VACATES** the hearing set for October 23, 2020. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. For the following reasons, the Court **GRANTS** Petitioners' Motion to Remand and **DENIES** Petitioners' request for costs and attorney's fees.

I. **BACKGROUND**

On August 26, 2020, Respondent Benny Juarez ("Juarez") filed his Notice of Removal in this action, invoking federal-question jurisdiction under 28 U.S.C. §§ 1441(a), 1446(a). ("NOR" Dkt. No. 1). Pursuant to the Central District of California's Local Rule 6-1, Petitioners filed the instant Motion on September 14,

2020. Therein, Petitioners argued that Juarez failed to establish that this Court had federal-question jurisdiction over the claims set forth in the Petition because all such claims arise under state law. *See* Motion. Petitioners also argue that under 28 U.S.C. § 1447(c), Juarez should bear Petitioners' costs, including attorney's fees, resulting from the improper removal. *See id.*

Petitioners noticed the Motion for hearing on October 23, 2020, at least twenty-eight days after the Motion was filed. *See id.* Respondents have filed no opposition to the Motion.

## II. DISCUSSION

### A. Local Rule 7-12

Central District Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion ...."). Local Rule 7-9 requires the non-moving party to file an opposition or non-opposition no later than twenty-one (21) days before the noticed hearing date. C.D. Cal. L.R. 7-9.

Here, Petitioners noticed the hearing date for its Motion to Remand for October 23, 2020 meaning any opposition was due October 2, 2020. *See* Motion. However, no party filed an opposition, timely or otherwise. Accordingly, Petitioners' Motion is unopposed. The Court deems Respondents' failure to file an opposition as their consent to the granting of the Motion. L.R. 7-12.

### B. Improper Removal

The Court also grants the Motion on the merits. Petitioners argue the removal was both substantively and procedurally defective. The Court agrees.

#### 1. Respondents Have Not Shown that the Petition's Claims include a Federal Question.

28 U.S.C. § 1441(a) provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under federal-question jurisdiction, district courts have

"original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal subject matter jurisdiction falls on the party invoking removal. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

Juarez argues that this Court has federal-question jurisdiction because the Petition is brought "pursuant to 42 U.S.C. § 1983 and alleges violations of personal and real property rights secured by the Constitution." NOR ¶ 5. Contrary to Juarez's statement, the Petition contains no claim under 42 U.S.C. §1983. *See* Petition. The case relates to Respondents alleged use of a substandard property which violates state and local ordinance provisions. Petition ¶ 11. Specifically, the Petition sets forth three causes of actions arising under the California Health and Safety Code, the California Civil Code, and the San Bernardino Municipal Code. There is no mention of 42 U.S.C. §1983 or any federal claim whatsoever. Juarez has not shown how any of these claims "arise under" any federal law. Thus, Petitioner's claims include only state and local law claims and do not invoke this Court's federal-question jurisdiction.

### 2. Removal Was Procedurally Defective.

A defendant may remove an action from state to federal court within 30 days of service of the initial pleading, or "if the case stated by the initial pleading is not removable . . . within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1).

Petitioners filed the Petition in the Superior Court for the State of California, County of San Bernardino on December 30, 2019. Respondents Benny Juarez and Jacquie Figg were personally served with the Petition on January 21, 2020. Roberts Decl. Exh. A, B. Respondent Henry Juarez was served via publication on July 1, 2020. Roberts Decl. Exh. C, D. Respondent Benny Juarez and Jacquie Figg's deadline to file a Notice of Removal was February 20, 2020. Thus, Juarez's Notice of Removal filed August 26, 2020 was six months late.

Furthermore, 28 U.S.C. § 1446(b)(2)(A) requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Here, the Petition names three Respondents: Benny Juarez, Jacquie Figg, and Henry Juarez. All three of these Respondents have been properly served. *See* Roberts Decl., Exh. A–D. Benny Juarez was the only party to the Notice of Removal. *See* NOR. It does not appear from any of the papers before the Court that Jacquie Figg or Henry Juarez joined in or consented to the removal. Accordingly, because it was both untimely and not joined or consented to by all relevant parties, the removal was also procedurally defective.

For the foregoing reasons, the Court **GRANTS** Petitioners' Motion to Remand.

### C. Attorney's Fees

Petitioners also request the Court to award them costs and attorney's fees. A court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The statutory purpose of awarding attorney fees is to deter abuse, unnecessary expenses and harassment that may result from improper removal. *Id.*

Although Juarez has failed to meet his burden in supporting removal, Juarez is appearing pro se and Juarez's NOR does not suggest abuse or harassment. Thus, the Court finds that the purposes of the fee provision would not be served by requiring Juarez, a pro se litigant, to pay Petitioners their fees. Accordingly, Petitioners' request for costs and attorney's fees is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioners' Motion and **REMANDS** this action back to the Superior Court of California, County of San Bernardino (Case No. CIV DS 1939295). The Court **DENIES** Petitioners' request for costs and attorney's fees.

**IT IS SO ORDERED**.